UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DARRYL ANDERSON, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) No. 1:22-cv-01994-JPH-MG |
| SEVIER, | ) ) ) |
| Respondent. | ) ) |

**ORDER GRANTING MOTION TO DISMISS**

Darryl Anderson has brought a 28 U.S.C. § 2254 petition for writ of habeas corpus challenging his 2011 Indiana rape, criminal confinement, and battery convictions. The respondent has moved to dismiss the petition based on procedural default and the applicable statute of limitations. Because Mr. Anderson's petition is indeed untimely, the motion to dismiss is **GRANTED** and this action is **DISMISSED**.

## I.  Procedural History

Mr. Anderson was found guilty of rape, criminal confinement, and battery based on his victim's extensive testimony, which was corroborated by a forensic examination and the victim's physical injuries. *See Anderson v. State*, No. 49A02-1107-CR-601, 2012 WL 1894270, at *1−3 (Ind. Ct. App. May 24, 2012) (providing a more detailed summary of the trial evidence). The Indiana Court of Appeals affirmed on direct appeal, *id.* at *5, and the Indiana Supreme Court denied transfer on June 28, 2012, dkt. 7-2 at 5. Mr. Anderson

1

did not file a petition for writ of certiorari in the United States Supreme Court. Dkt. 1 at 3.

Mr. Anderson filed a state post-conviction petition on November 30, 2012. Dkt. 8-10 at 104. The state court denied relief on July 28, 2017. Dkt. 8-9 at 82–94. The Indiana Court of Appeals affirmed on December 13, 2019. *Anderson v. State*, No. 49A02-1708-PC-1936, 2019 WL 6795629 (Ind. Ct. App. Dec. 13, 2019). On April 11, 2022, Mr. Anderson filed a motion for relief from judgment in his state post-conviction case. Dkt. 7-8 at 19. The court denied that motion on the same day. *Id.*

Mr. Anderson filed a 28 U.S.C. § 2254 petition for writ of habeas corpus in this Court on December 28, 2021. *Anderson v. Sevier*, No. 1:21-cv-3116-JMS-MPB, dkt. 1 (S.D. Ind.). The petition did not challenge Mr. Anderson's underlying conviction but instead sought discharge from parole. *Id.* He moved to voluntarily dismiss that petition, and the Court granted his motion on January 27, 2022. *Id.*, dkt. 4 (S.D. Ind. Jan. 27, 2022).

On May 12, 2022, Mr. Anderson filed a request in the Indiana Court of Appeals for leave to file a successive state post-conviction petition. Dkt. 7-13 at 1. The Indiana Court of Appeals denied his request on June 13, 2022. *Id.* at 2.

Mr. Anderson mailed his current 28 U.S.C. § 2254 petition to this Court on October 5, 2022. Dkt. 1-2.

Respondent, the Warden of New Castle Correctional Facility, argues that Mr. Anderson's petition must be dismissed because it is barred by the statute of limitations and his claims are procedurally defaulted. Dkt. 7. Mr. Anderson

argues that his claims of actual innocence and ineffective assistance of counsel overcome any issues with procedural default. Dkt. 10.

## II. Applicable Law

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

A petitioner is entitled to equitable tolling "if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). Alternatively, a petitioner may proceed on an untimely petition based on a sufficient showing of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 391–97 (2013).

### III. Discussion

**A. Statutory Timeliness**

Mr. Anderson's conviction became final on September 26, 2012, which was his deadline to file a timely petition for writ of certiorari on direct appeal. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (if defendant does not pursue appeals all the way to the Supreme Court, conviction becomes final when time for seeking direct review has expired).

The limitation period ran for 64 days until Mr. Anderson filed his state post-conviction petition on November 30, 2012, thereby tolling the limitation period. *See* 28 U.S.C. § 2244(d)(2). This tolling ended, at the latest, on the deadline for Mr. Anderson to file a timely petition to transfer to the Indiana Supreme Court. *See Williams v. Buss*, 538 F.3d 683, 685 (7th Cir. 2008) (leaving open the question of whether application for post-conviction relief remains "pending" for § 2244(d)(2) purposes during time when petitioner could have filed a petition for discretionary review in state supreme court on post-conviction appeal); *Sturgis v. Warden*, No. 1:21-cv-2613-SEB-TAB, 2022 WL 3027345 (S.D. Ind. Aug. 1, 2022) (collecting cases). *But cf. Socha v. Boughton*, 763 F.3d 674, 678 (7th Cir. 2014) (§ 2244(d)(2) tolling lasts "only for the period when the state courts are considering the case; it does not include the time during which *certiorari* may be sought in the U.S. Supreme Court (or, if sought, ruled upon)"). In 2012, the deadline to file a timely petition to transfer was 30 days following

4

the appellate court's decision.[1] Ind. R. App. P. 57(C) (eff. Jan. 1, 2008). Thus, the tolling period ended on January 13, 2020.[2]

Mr. Anderson then had 301 days remaining in his limitation period, so his petition was due on November 10, 2020. He did not mail his petition until October 5, 2022, nearly two years too late. Dkt. 1-2.

Mr. Anderson's 2021 federal habeas corpus petition had no tolling effect. *Duncan v. Walker*, 533 U.S. 167, 172–74 (2001) (prior 28 U.S.C. § 2254 petition does not toll limitation period). Nor did his May 2022 request to file a successive state post-conviction petition. *Graham v. Borgen*, 483 F.3d 475, 483 (7th Cir. 2007) (state post-conviction application filed after § 2244 limitation period expired has "no tolling effect whatsoever").

The following table summarizes the key events and dates:

| Conviction Final | September 26, 2012 | 365 days left in limitation period |
| --- | --- | --- |
| State Post-Conviction Petition Filed | November 30, 2012 | 301 days left in limitation period |
| Deadline to File Petition to Transfer on Post-Conviction Appeal | January 13, 2020 | 301 days left in limitation period |
| Federal Habeas Petition Due | November 10, 2020 | 0 days left in limitation period |
| Federal Habeas Petition Filed | October 5, 2022 | 694 days beyond limitation deadline |

---

[1] The deadline has since been modified to 45 days. Ind. R. App. P. 57(C) (eff. Jan. 1, 2019).

[2] The Indiana Court of Appeals issued its decision on December 13, 2019. *Anderson v. State*, No. 49A02-1708-PC-1936, 2019 WL 6795629 (Ind. Ct. App. Dec. 13, 2019). Thirty days later was Sunday, January 12, 2020, so Mr. Anderson's deadline to file a petition to transfer was the next business day, January 13, 2020. *See* Ind. R. App. P. 25(B) (eff. Jan. 1, 2001).

## B. Equitable Tolling and Actual Innocence

To avoid dismissal on equitable tolling grounds, Mr. Anderson must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649. While Mr. Anderson does not expressly argue that equitable tolling should apply, *see* dkt. 10, he asserts in his petition that he was limited from using computers and libraries when he was on parole from February 2018 through December 2021. Dkt. 1 at 30–31. But as respondent points out—and Mr. Anderson does not dispute—Indiana's parole conditions did not categorically prohibit him from using a computer or the internet. Dkt. 7 at 9; *see* Ind. Code § 11-13-3-4(g)(2)(E) (parolee sex offender must consent to search and internet monitoring of any personal computer). Mr. Anderson has therefore failed to show that the lack of access to legal materials while on parole was an extraordinary circumstance that prevented him from filing a timely § 2254 petition. Moreover, he has failed to show any diligence in attempting to file a timely § 2254 petition while on parole. He is therefore not entitled to equitable tolling.

In his response to the motion to dismiss, Mr. Anderson argues that he is actually innocent of the crimes for which he was convicted. To make a threshold showing of actual innocence sufficient to overcome the statute of limitations, Mr. Anderson must point to new evidence that was unavailable at trial and "'show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *McQuiggin*, 569 U.S. at 399

6

(quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Mr. Anderson points to no such new evidence and does not attempt to meet *Schlup*'s demanding standard. He therefore cannot avoid dismissal based on a showing of actual innocence.

### IV.   Request for Counsel

Before ruling on the motion to dismiss, the Court must consider Mr. Anderson's request for counsel. The Court has authority to appoint counsel for a "financially eligible person" seeking habeas corpus relief if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

Mr. Anderson has not shown that he is financially eligible. Though he asserts that he "previously filed an IFP application in this case," dkt. 9 at 1, that assertion is incorrect. He paid the $5.00 filing fee for this action and has not applied for *in forma pauperis* status. Dkt. 6. Moreover, he retained counsel for his state post-conviction appeal, indicating that he had sufficient funds—at least in 2018—to retain counsel on his own.

Regardless, the interests of justice do not favor appointment of counsel. In assessing the interests of justice in this context, a district court should consider

> (1) whether the merits of the claim are colorable; (2) the ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) capability of the indigent to present the case; and (5) complexity of the legal issues raised by the complaint.

*Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983).

Here, there is no colorable claim that Mr. Anderson's petition is timely. The legal issues are simple, and any facts relevant to equitable tolling should be known to Mr. Anderson, so there is no reason to believe that appointment of

counsel would serve to increase the likelihood of reaching the truth of the matter. The motion for appointment of counsel, dkt. [9], is therefore **DENIED**.

### V.     Conclusion

Respondent's motion to dismiss, dkt. [7], is **GRANTED**.[3] Mr. Anderson's motion for appointment of counsel, dkt. [9], is **DENIED**. The petition for writ of habeas corpus is **DISMISSED**. Final judgment in accordance with this Order shall now enter.

**SO ORDERED.**

Date: 8/22/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

DARRYL ANDERSON
171085
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

---

[3] Because the Court finds that Mr. Anderson's petition is barred by the statute of limitations, it does not consider whether his claims are otherwise procedurally defaulted. Dkt. 7 at 10–15.